UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 5:14-CR-50048-KES |
| Plaintiff, | |
| vs. | ORDER ON MOTION TO DISMISS COUNTS, MOTION FOR BILL OF PARTICULARS, MOTION TO SEVER COUNTS, AND MOTION TO SEVER DEFENDANTS |
| GERALD WAYNE LEBEAU and NEIL THOMAS LEBEAU, | |
| Defendants. | |

Pending are various pretrial motions filed by defendant Gerald Wayne LeBeau.

**BACKGROUND**

Defendants Gerald and Neil Thomas LeBeau were indicted on May 20, 2014, on one count of conspiracy to distribute a controlled substance (cocaine) and one count of conspiracy to distribute a controlled substance (marihuana). Gerald was also indicted on a separate count alleging possession with intent to distribute a controlled substance (cocaine). On August 26, 2014, the government filed a superseding indictment charging the three previous counts and adding a fourth count charging Gerald with witness tampering.

Defendants have filed numerous motions. The court now addresses the following motions brought by Gerald:

1. Gerald's motion to dismiss counts I, II, and III, or alternatively to strike language from those counts (Docket 216).

2. Gerald's motion for a bill of particulars (Docket 222).

3.    Gerald's motion to sever charges (Docket 229).

4.    Gerald's motion to sever defendants (Docket 232).

5.    Gerald's supplemental motion to dismiss (Docket 290).

# I.    Motion to Dismiss Counts

Gerald requests that the court dismiss counts I, II, and III. The government opposes the motion. Docket 237. For the following reasons, the motion to dismiss counts is denied in its entirety.

## A.    Failure to State a Crime

Gerald argues that counts II and III contain language not found in the statute and believes as a consequence the grand jury returned an indictment for offenses with elements not found in the statute. Docket 217 at 1-2. According to Gerald, because 21 U.S.C. § 846 only refers to a person who "conspires" to commit a crime, it is improper for counts II and III of the superseding indictment to allege that Gerald "combined, conspired, confederated, and agreed" to commit a crime.

" 'An indictment is sufficient if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.' " *United States v. Huggans*, 650 F.3d 1210, 1217 (8th Cir. 2011) (quoting *United States v. Summers*, 137 F.3d 597, 601 (8th Cir. 1998)). An indictment is sufficient

2

unless it "is so defective that it cannot be said, by any reasonable construction, to charge the offense" in question. *Id.*

Gerald cites *United States v. Zangger*, 848 F.2d 923 (8th Cir. 1988), for the proposition that the extra language in counts II and III requires dismissal of those counts. *Zangger* does not support this proposition. Instead, *Zangger* merely reiterated that if an indictment is missing an essential element of the crime charged, it must be dismissed. *Id.* at 925 (dismissing an indictment that did not contain the essential element of obscenity). The Eighth Circuit Court of Appeals has repeatedly approved the language Gerald challenges here. *See Huggans*, 650 F.3d at 1218 n.3; *United States v. White*, 241 F.3d 1015, 1021 (8th Cir. 2001) ("Reasonably construed, the words 'combined, conspired, confederated, and agreed' adequately set forth the charge of conspiracy, especially combined with the references to 21 U.S.C. §§ 846 and 841(a)(1)."). An indictment need not use a particular wording so long as it contains all the essential elements of the crime charged. *See White*, 241 F.3d at 1021. Thus, counts II and III of the superseding indictment sufficiently state a crime.

### B.   Duplicitous Counts

Gerald next argues that both counts II and III are duplicitous "because they charge in one count both the crime of distributing and possession with intent to distribute, two separate offenses[.]" Docket 217 at 2. Duplicitous charging must be avoided because a verdict of guilty on a single count will not reveal whether the jury found the defendant guilty of both crimes or only one of

3

the two. In this case, both crimes charged are violations of 21 U.S.C.

§ 841(a)(1). "Where . . . the statute specifies two or more ways in which one

offense may be committed, all may be alleged in the conjunctive in one count of

the indictment, and proof of any one of the methods will sustain a conviction."

*Gerberding v. United States*, 471 F.2d 55, 59 (8th Cir. 1973). Because the

charged offense of conspiracy to violate § 841(a) can be committed by

conspiring to either distribute or possess with intent to distribute, counts II

and III of the superseding indictment are not duplicitous.

### C.    Violation of Wharton's Rule

Gerald next argues that counts II and III violate Wharton's Rule. Docket

217 at 2-3. "Wharton's Rule provides: An agreement by two persons to commit

a particular crime cannot be prosecuted as a conspiracy when the crime is of

such a nature as to necessarily require the participation of two persons for its

commission." *United States v. Jones*, 801 F.2d 304, 311 (8th Cir. 1986)

(quoting 1 Anderson, Wharton's Criminal Law and Procedure § 89 p. 191

(1957)). Thus, Wharton's Rule is "a narrow exception to the general principle

that a conspiracy and its underlying substantive offense do not merge" and

applies only "when there is a 'general congruence of the [conspiracy] agreement

and the completed substantive offense.' " *United States v. Hines*, 541 F.3d 833,

838 (8th Cir. 2008) (quoting *Iannelli v. United States*, 420 U.S. 770, 781-82

(1975)).

4

The Eighth Circuit has expressed doubt as to whether Wharton's Rule applies to conspiracies under § 846. *See Jones*, 801 F.2d at 311 (quoting *United States v. Bommarito*, 524 F.2d 140, 144 (2d Cir. 1975)). If the Eighth Circuit had not so held, Wharton's Rule still would not apply here, because the record indicates that more than two persons were involved in a conspiracy to distribute drugs. *Id.* Wharton's Rule only applies if the government produces evidence that only two persons sold drugs to each other and there is no evidence of distribution to another person. That is not the scenario alleged here. Additionally, possession with intent to distribute does not require two participants for the completion of the substantive criminal act, so that method of proving the conspiracy charge would not implicate Wharton's Rule. The court finds that counts II and III of the superseding indictment do not violate Wharton's Rule.

### D.   Prejudicial Surplusage

Gerald next contends that counts I, II, and III should be dismissed because they contain language in excess of that found in the statute. Docket 217 at 3. Alternatively, Gerald asks the court to strike the surplus language from the superseding indictment. Specifically, Gerald takes issue with the phrases, "combine, . . . confederate and agree with . . . others," "a Schedule II controlled substance," "Cocaine, its salts, optical and geometric isomers and salts of its isomers," and "a Schedule I controlled substance."

5

" 'A motion to strike surplusage from an indictment . . . should only be granted where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter.' " *United States v. Michel-Galaviz*, 415 F.3d 946, 948 (8th Cir. 2005) (alteration in original) (quoting *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962)).[1] The Eighth Circuit has approved—in a slightly different context—use of the words "combined, conspired, confederated, and agreed" to set forth a conspiracy charge. *See White*, 241 F.3d at 1021. The other three phrases appear in statutory language. *See* 21 U.S.C. § 812 (establishing Schedule I and Schedule II); 21 U.S.C. § 841(b)(1)(B)(ii)(II) (setting out the penalty for a violation involving 500 grams or more of a mixture or substance containing a detectable amount of "cocaine, its salts, optical and geometric isomers, and salts of isomers"). Because the phrases used in the superseding indictment have either been approved by the Eighth Circuit or were taken from statutes written by Congress, Gerald has failed to show that the contested phrases are irrelevant or prejudicial. The motion to dismiss or to strike language from counts I, II, and III is denied.

---

[1] Gerald cites *United States v. Oakar*, 111 F.3d 146 (D.C. Cir. 1997), as authority supporting his position on the motion to strike. Docket 217 at 3. The *Oakar* court, however, reversed a district court's decision to strike language because "[t]he district court made no finding that the stricken allegations were either irrelevant or prejudicial." *Oakar*, 111 F.3d at 157.

### E.    Vagueness

Gerald argues that counts II and III[2] of the superseding indictment are vague, overbroad, and violate the First Amendment. Docket 217 at 4. A superseding indictment is sufficient where "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *Huggans*, 650 F.3d at 1217. As discussed above, counts II and III of the superseding indictment fulfill those criteria and are thus not impermissibly vague.[3]

### F.    Unknown Quantities

Gerald next argues that counts I and III of the superseding indictment should be dismissed because they contain no allegation as to the quantity of drugs charged. Docket 217 at 4-5. He relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), for the proposition that "[e]very fact, including quantities that increase a penalty must be set forth in the indictment, submitted to the jury,

---

[2] Gerald's brief actually refers to "Counts II and II." Docket 217 at 4. The court construes that statement as a typographical error meant to refer to counts II and III.

[3] The court will not address Gerald's undeveloped due process and First Amendment arguments. The only authority cited by Gerald actually rejected the constitutional challenges to 21 U.S.C. § 846 and affirmed the defendant's conviction. *See United States v. Cooper*, 606 F.2d 96 (5th Cir. 1979).

7

and found beyond a reasonable doubt." Docket 217 at 4. Gerald also argues that "21 U.S.C. § 841(a)(1) and its penalty provisions are unconstitutional as well to the extent they deprive defendant of the right to have quantities determined by a jury beyond a reasonable doubt." *Id.*

Count I of the superseding indictment alleges that Gerald possessed with the intent to distribute a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). A charge under 21 U.S.C. § 841(b)(1)(A) involves five kilograms or more of a mixture or substance containing cocaine, its salts, optical and geometric isomers, and salts of isomers and carries a mandatory minimum sentence of ten years and a maximum sentence of life in prison. A charge under 21 U.S.C. § 841(b)(1)(B) involves 500 grams or more and carries a mandatory minimum sentence of five years and a maximum sentence of 40 years in prison. By charging Gerald with a violation of § 841(b)(1)(C), the government has alleged an offense where it does not need to prove a minimum quantity, but the maximum penalty is limited to 20 years in prison with no mandatory minimum term. Based on the charge, Gerald has been advised of the quantity alleged by the government.

Similarly, count III of the superseding indictment alleges that Gerald conspired to distribute or possess with the intent to distribute marihuana in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 846. A charge under 21 U.S.C. § 841(b)(1)(D)[4] involves less than 50 kilograms of marihuana and carries a maximum sentence of five years in prison. Because Gerald is charged under § 841(b)(1)(D), the government is not required to prove a minimum quantity and the superseding indictment informs Gerald of the quantity alleged by the government.

Contrary to Gerald's assertion, a specific quantity is not an element of the crime charged. *See United States v. Rolon-Ramos*, 502 F.3d 750, 754-55 (8th Cir. 2007). At trial, the government would not have to introduce evidence of a specific quantity on counts I and III because quantity is not an aggravating factor on those counts.[5] *See, e.g., Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (holding that any fact which increases a mandatory minimum sentence is an element of the offense); *United States v. Sheppard*, 219 F.3d 766, 768 (8th Cir. 2000) (stating that facts which increase the statutory maximum are elements of the offense). Thus, Gerald has no right to have a jury determine the exact quantity of drugs within the ranges defined by the superseding indictment. *See United States v. Carpenter*, 487 F.3d 623, 625 (8th Cir. 2007).

_____

[4] A person charged with a drug conspiracy is subject to the same penalties prescribed for the offense which was the object of the conspiracy. 21 U.S.C. § 846.

[5] Count II does allege a quantity that increases the maximum and mandatory minimum penalties.

Gerald's motion to dismiss counts I and III because of unknown quantities is denied.

### G.    Venue and Jurisdiction

Gerald next argues that counts II and III of the superseding indictment should be dismissed because they improperly allege venue and jurisdiction. Docket 217 at 5. Counts II and III both allege a conspiracy committed "in the District of South Dakota and elsewhere[.]" Gerald argues that the phrase necessarily includes crimes over which this court has no jurisdiction. Gerald also requests that the government be prohibited from offering "evidence of any conspiracy that was committed in some other state." Docket 217 at 5.

"[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Thus, this court has jurisdiction over any crimes Gerald is alleged to have committed at least partially in the District of South Dakota. Gerald's motion to dismiss counts II and III for lack of jurisdiction is denied.

10

### H.    Pre-Indictment Delay

Gerald next argues that counts II and III should be dismissed due to the prejudice resulting from the government's delay in indictment.[6] Docket 217 at 5-6. To support dismissal on that basis, Gerald must show that the government's delay in indicting him actually and substantially prejudiced the defense. *See United States v. Sprouts*, 282 F.3d 1037, 1041 (8th Cir. 2002); *United States v. McDougal*, 133 F.3d 1110, 1113 (8th Cir. 1998). "To prove actual prejudice the defendant must identify witnesses or documents lost during the period of delay, and not merely make speculative or conclusory claims of possible prejudice caused by the passage of time." *Sprouts*, 282 F.3d at 1041 (citing *United States v. Sturdy*, 207 F.3d 448, 451-52 (8th Cir. 2000)). Gerald makes no showing of evidence lost due to delay or any other prejudice.

At the end of his argument on pre-indictment delay, Gerald alleges that "[t]he long pre-indictment delay can only be attributed to the government's desire to gain a tactical advantage in this action." Docket 217 at 6.[7] Gerald

---

[6] To the extent Gerald embeds a vagueness challenge in this argument, that challenge is rejected. The court has already held the indictment is sufficient to inform Gerald of the charges against him and allow him to prepare his defense, and that the indictment is not impermissibly vague.

[7] In support of that position, Gerald directs the court to "*Marion, supra*" but provides no other citation information. Presumably, Gerald refers to *United States v. Marion*, 404 U.S. 307 (1971). In *Marion*, the Supreme Court rejected a claim of delay because the claims were speculative and premature, and the defendants were protected by the applicable statute of limitation. *See id.* at

provides no support for this accusation. The Eighth Circuit has allowed conspiracy prosecutions alleging much longer time frames than the four years alleged in this case. *See, e.g., Huggans*, 650 F.3d at 1218 (upholding a conspiracy conviction for the seven-year period between 2000 and 2007). Gerald's motion to dismiss counts II and III based on a delay in indictment is denied.

## I.    Multiplicity

Finally, Gerald argues that counts I, II, and III of the superseding indictment are all part of the same conspiracy and charging them as three counts instead of one subjects Gerald to multiple punishments for a single offense. Docket 217 at 6. "An indictment is multiplicitous if it charges the same crime in separate counts." *United States v. Platter*, 514 F.3d 782, 785 (8th Cir. 2008) (citing *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005)). " 'The primary problem is that the jury can convict on both counts, resulting in two punishments for the same crime in violation of the Double Jeopardy Clause of the Fifth Amendment.' " *Id.* (quoting *United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2004)).

With respect to count I, "it is well established that the commission of a substantive offense and a conspiracy to commit that offense are two separate and distinct crimes." *United States v. Muza*, 788 F.2d 1309, 1312 (8th Cir.

322-26.

12

1986) (internal quotation marks omitted). Thus, it is not multiplicitous to charge Gerald with possession with the intent to distribute in count I and a related conspiracy offense in count II.

Count II charges a conspiracy to distribute cocaine, and count III charges a conspiracy to distribute marihuana. In determining whether those alleged offenses are really one conspiracy, the court "must examine 'the totality of the circumstances, including the time that the alleged conspiracies existed, the identity of the coconspirators, the statutory offenses charged in the indictments, the nature and scope of the activity charged, and the location of each conspiracy's events.' " *United States v. Aguilera*, 179 F.3d 604, 607 (8th Cir. 1999) (quoting *United States v. McDougal*, 133 F.3d 1110, 1113 (8th Cir. 1998)). The burden is on the defendant to show that the charged offenses are multiplicitous. *Id.*

Here, Gerald has made no showing of multiplicity beyond a bare assertion. The government has broad discretion in charging decisions, including charging multiple theories in separate counts. *See Platter*, 514 F.3d at 786-87. Also, the Eighth Circuit has ruled that "a defendant can be *charged* with multiple *offenses* under" 21 U.S.C. § 841(a)(1) so long as the defendant is not cumulatively punished. *United States v. Mendoza*, 902 F.2d 693, 696 (8th Cir. 1990) (citing *United States v. Palafox*, 764 F.2d 558 (9th Cir. 1985) (emphasis in original)). Whether separate criminal acts support cumulative sentencing is a question of fact. *Id.* at 698. Thus, Gerald's motion to dismiss

13

counts I, II, and III of the superseding indictment based on multiplicity is denied.

## II.   Motion for Bill of Particulars

Gerald filed a motion for a bill of particulars seeking disclosure of:

1.   The names of those known witnesses to and the persons with whom it is alleged that Defendant committed the above three offenses.
2.   The date and location when and where the Defendant is alleged to have committed subject offenses.
3.   Methods of surveillance, evidence seized, statements made, alleged drug quantities involved and sources of information.

Docket 223 at 3. The government opposes the motion, arguing that the superseding indictment is sufficient and that Gerald is using the request for a bill of particulars to conduct discovery. Docket 238.

"The court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). " 'The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial.' " *Huggans*, 650 F.3d at 1220 (quoting *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009)). A bill of particulars is not a discovery device or a means of acquiring evidentiary detail. *Id.*

Gerald's argument in support of his position, in its entirety, states:

The present superseding indictment fails to allow Mr. LeBeau to prepare for trial or to allow him to assert double jeopardy if he is convicted and the government brings other charges in South Dakota or elsewhere. Many potential witnesses have not been identified.

14

> Mr. LeBeau has not received, nor does he anticipate receiving,
> sufficient information to allow him to discern where, when, what
> and with whom he did what is claimed in subject Indictment.

Docket 223 at 4. Those assertions provide no detail on how or why Gerald
believes he is unable to understand the nature of the charge against him,
prepare a defense, and avoid surprise at trial.

Gerald seeks to compel the government to disclose the names of
witnesses and coconspirators. Those items are factual discovery. A bill of
particulars is not intended to supplement discovery. *Huggans*, 650 F.3d at
1220. Also, the government has already turned over extensive factual discovery
in this case. *See* Docket 238 at 2 (stating the United States has provided
approximately 2030 pages of discovery); *Huggans*, 650 F.3d at 1220 (allowing a
district court to consider the extent of discovery provided by the government
when considering a motion for a bill of particulars). The discovery provided is
sufficient to allow Gerald to prepare his defense and avoid surprise at trial,
particularly considering the fact that Gerald has not given any specific
justification for the extremely broad categories of information sought in his
requested bill of particulars.

Gerald also seeks more information about the time frame and location of
the alleged conspiracies. The superseding indictment provides a date range and
general locations. The Eighth Circuit has found nearly identical language in
drug conspiracy cases sufficient to inform the defendant of the nature of the

charge against him and prepare for trial. *See Huggans*, 650 F.3d at 1216 (reciting the language of indictment), 1217-18 (finding the indictment sufficient), 1220 (upholding denial of the bill of particulars). Although the time frame in this case is several years and the locations are not specific, they are sufficient to inform Gerald of the charges against him and allow him to adequately defend those charges.

A defendant is entitled to "understand the nature of the charges, prepare a defense, and avoid unfair surprise." *Id.* at 1220. Based on the superseding indictment and the discovery provided, Gerald can perform those functions. Under Eighth Circuit precedent, Gerald is not entitled to a bill of particulars. The motion requesting a bill of particulars (Docket 222) is denied.

## III.   Motions to Sever

Gerald contends that joinder of offenses and defendants in the superseding indictment is improper under Rules 8(a) and 8(b), respectively, and alternatively that severance is proper under Rule 14. Docket 229 (motion to sever charges); Docket 232 (motion to sever defendants). The United States opposes Gerald's motions. Docket 241. "When a defendant moves for severance, a district court must first determine whether joinder is proper under [Rule] 8. Even if joinder is proper under that rule, the court still has discretion to sever under Rule 14." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005).

### A.    Misjoinder of Counts

An indictment may charge a defendant with multiple offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Gerald argues that all four counts should be tried separately because the counts are "disparate, dissimilar, and by and large are not part of the same act or transaction." Docket 231 at 1. Gerald also argues that counts I and II are multiplicitous, *id.* at 2, that counts II and III are duplicitous,[8] and that the jury will be confused. *Id.* at 3.

The Eighth Circuit has defined the same or similar character requirement of Rule 8 as meaning " '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.' " *United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir. 2001) (alteration in original) (quoting *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986) (*per curiam*)). Generally, joinder is appropriate when the charges refer to the same type of offense, the conduct occurred over a relatively short period of time, and trial will involve overlapping evidence. *See Ruiz*, 412 F.3d at 887 (citing *United*

---

[8] It is unclear which counts Gerald believes are duplicitous. The court reads this motion in conjunction with Gerald's prior motion to dismiss counts II and III based on duplicity and assumes that Gerald's reference to duplicitous counts here also refers to counts II and III.

*States v. Boyd*, 180 F.3d 967, 981 (8th Cir. 1999)); *see also Tyndall*, 263 F.3d at 850 (referring to those three factors as the "prerequisites for joinder").

The court rejects Gerald's argument that counts I and II are multiplicitous. *Muza*, 788 F.2d at 1312 ("[I]t is well established that the commission of a substantive offense and a conspiracy to commit that offense are two separate and distinct crimes."). The court also rejects Gerald's argument that counts II and III are duplicitous. *Gerberding*, 471 F.2d at 59 ("Where . . . the statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction.").

Counts I, II, and III all refer to the same type of conduct. Gerald asserts that the locations of the offenses vary and there is no evidentiary overlap. The conspiracy offenses allegedly took place in multiple locations and the government is not required to specify one location for each conspiracy. Contrary to Gerald's unsupported assertion, trial of each offense will involve much of the same evidence as a trial of the other charged offenses, and evidence of each charged offense would likely be admissible to show a common plan, scheme, motive, or knowledge in the trial of another offense. *See United States v. Bowman*, 602 F.2d 160, 163 (8th Cir. 1979) ("Where each offense would be admissible to show an element of another offense in separate trials, 'criminal propensity' prejudice is in no way enlarged by joinder."). Although the conduct allegedly occurred over several years, it is all part of the same overall

18

scheme. The counts are not so complex that a jury might be confused. *See United States v. Andrade*, 788 F.2d 521, 530 (8th Cir. 1986) (describing the complexity of a trial involving "only" 18 counts and 3 defendants as "minimal").

In count IV, Gerald is alleged to have "knowingly attempted to corruptly persuade, and engage in misleading conduct . . . with the intent to influence, delay, and prevent the testimony" of a potential witness in this case. Docket 56. The alleged act of witness tampering was undertaken to hinder the prosecution in the present case, an "act[] [which] would not have been necessary but for the underlying offenses with which [the] defendants were charged." *United States v. Grey Bear*, 863 F.2d 572, 583 (8th Cir. 1988) (en banc).[9] In *Grey Bear*, that "close logical relationship between [the other] charges and the individual count[] of witness tampering" demonstrated "that all of the offenses were part of 'the same series of acts' under Rule 8(b)." *Id.* (internal citations omitted). In this case, the alleged act of witness tampering is closely linked to the continued concealment of the alleged conspiracies, and would not have been necessary but for the conspiracies with which Gerald is charged. Thus, the court concludes that count IV is sufficiently linked to the other counts in this case as

---

[9] In *Grey Bear*, the en banc court was equally divided, so the district court's finding of proper joinder was affirmed. *Grey Bear*, 863 F.2d at 573. Thus, "the order affirming the district court by an equally divided en banc court has no precedential value." *Id.* Although *Grey Bear* is not precedential, the court finds it has persuasive value here.

19

required by Rule 8(a). *See United States v. Jones*, 880 F.2d 55, 60-61 (8th Cir. 1989) (noting that Rule 8(b) is more restrictive than Rule 8(a)).

As the Eighth Circuit has observed, courts should construe the rules liberally in favor of joinder of offenses charged together. *See United States v. Moyer*, 313 F.3d 1082, 1085 (8th Cir. 2002) (extending rule favoring joinder of defendants to a case joining six charges against one defendant). The four counts against Gerald in the superseding indictment all arise from Gerald's alleged drug distribution operation. Counts I, II, and III are very similar in character, and all counts are part of the same alleged common plan or course of action.

### B.    Misjoinder of Defendants

An indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "The Rule is to be liberally construed in favor of joinder." *Jones*, 880 F.2d at 62 (citations omitted). When the government charges multiple defendants with multiple charges, "not every defendant joined must have participated in every offense charged."[10] *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996).

---

[10] The Eighth Circuit has noted that in cases where both defendants and offenses are joined, the more restrictive language in Rule 8(b) should provide the standard. *See Jones*, 880 F.2d at 60-61. This is not a case where different defendants are charged with unrelated offenses of similar character. *See id.* at

20

Gerald asserts that "[t]here is no common activity involving [Gerald and Neil.]" See Docket 233 at 2. Even a cursory reading of the superseding indictment reveals that Gerald's argument is plainly meritless. Gerald and Neil are indicted as coconspirators. The superseding indictment clearly alleges common activity and joint participation in a common series of acts or transactions.

The court previously ruled that Gerald and Neil were properly joined as defendants in this case. Docket 93. Gerald presents no new authorities or arguments that persuade the court to reconsider its previous determination. This is not one of the rare cases where jointly charged coconspirators should be tried separately. *See United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002) (We have said many times that it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators.").

### C.    Severance

If joinder is proper, a defendant seeking severance under Rule 14 must show prejudice would result from proceeding with a joint trial. Fed. R. Crim. P. 14(a); *see also United States v. Sanchez-Garcia*, 685 F.3d 745, 754 (8th Cir. 2012). "The prejudice must be 'real,' that is, 'something more than the mere

---

61 (citing *Cupo v. United States*, 359 F.2d 990 (D.C. Cir. 1966)). Because the two charges against Neil are also asserted against Gerald, joinder of all defendants and all charges is proper here under the standard laid out in either Rule 8(a) or 8(b).

fact that he would have had a better chance for acquittal had he been tried separately.' " *United States v. Elder*, 682 F.3d 1065, 1074 (8th Cir. 2012) (quoting *United States v. Mickelson*, 378 F.3d 810, 817–18 (8th Cir. 2004)). Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Eighth Circuit has elaborated that, in order to demonstrate prejudice under Rule 14, a defendant must show "that '(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.' " *Sanchez-Garcia*, 685 F.3d at 754 (quoting *United States v. Davis*, 534 F.3d 903, 916-17 (8th Cir. 2006)). "Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.' " *Davis*, 534 F.3d at 917 (quoting *Mickelson*, 378 F.3d at 818). "The burden of showing a clear likelihood of prejudice falls on the party seeking severance." *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) (citing *Frazier*, 280 F.3d at 844).

Gerald argues that he and Neil will present "different and inconsistent" defenses. Docket 233 at 2. Defenses are irreconcilable only when "the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *Jones*, 880 F.2d at 63 (internal quotation omitted). Gerald's bare assertion that his defense conflicts with Neil's defense is insufficient to show

22

that the defenses are actually irreconcilable. *See United States v. Davis*, 882 F.2d 1334, 1341 (8th Cir. 1989) (internal citations and quotations omitted) ("Davis at least must show that the defenses were irreconcilable. He makes no such showing. All he offers in support of his claim is the bare assertion that conflicting defenses existed. The mere existence of generally antagonistic defenses does not require severance, and Davis's assertion standing alone does not affirmatively demonstrate any prejudice requiring reversal."). The Eighth Circuit has held that " '[t]he mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials.' " *United States v. Shivers*, 66 F.3d 938, 940 (8th Cir. 1995) (alteration in original) (quoting *United States v. Johnson*, 944 F.2d 396, 403 (8th Cir. 1991)).

Gerald argues that in a separate trial he would be able to comment on Neil's silence. Docket 233 at 2. Notably, Gerald does not argue that a separate trial would allow him to call Neil to offer exculpatory evidence. Gerald's argument is speculative because he provides no information that Neil will exercise his right to remain silent in this case or that Neil would actually remain silent if they were tried separately. Neil could offer testimony that incriminates Gerald regardless of whether their trials are severed. In a joint trial, Gerald will still be able to comment on the prosecution's proof and ask the jury to "consider [a] lack of evidence[.]" *See id.* Gerald has failed to show how the inability to comment on Neil's silence prejudices his defense.

23

In its previous ruling that severance was not appropriate in this case, the court considered the remaining arguments now raised by Gerald, namely, whether coconspirator statements violate the Confrontation Clause and the possibility of guilt by association. The court rejected those arguments when they were made by Neil. Docket 93. Gerald has provided no new arguments or authorities suggesting reconsideration is appropriate, nor has Gerald shown prejudice sufficient to overcome the presumption that jointly charged codefendants should be tried together. *See Davis*, 534 F.3d at 916.

## IV.  Motion to Dismiss

Gerald previously brought a motion to dismiss the superseding indictment based on a due process violation under *Brady v. Maryland*, 373 U.S. 83 (1963). The court denied that motion on June 16, 2015. Docket 252. On June 23, 2015, Gerald filed a supplemental motion to dismiss based on the government's failure to produce the same hotel video footage at issue in the first motion. Docket 290 (motion); Docket 291 (memorandum in support of motion).

In his brief, Gerald reiterates the arguments already considered by the court. *Compare* Docket 152 (original supporting brief) *with* Docket 291 (supplemental supporting brief). Gerald cites to the court's order denying his original motion to dismiss based on a *Brady* violation, but he presents no argument as to why the court should reconsider its earlier ruling. Gerald provides a self-titled "factual proffer" for what the video will allegedly show, but

24

does not provide a single citation, affidavit, evidentiary support, or even information suggesting he has seen the video he is claiming to describe. Docket 291 at 1-2. In the absence of any articulable ground to reconsider its previous ruling, the court will not revisit this issue. Gerald's supplemental motion to dismiss (Docket 290) is denied for the reasons the court previously stated.

## CONCLUSION

Gerald has not shown a basis for dismissing any counts of the superseding indictment. Gerald has also not shown that he needs a bill of particulars to prepare his defense or avoid a surprise at trial. Nor has he shown that the superseding indictment improperly joined counts or defendants, or that prejudice sufficient to justify separate trials will result. Accordingly, it is

ORDERED that Gerald LeBeau's motion to dismiss counts I, II, and III, or alternatively to strike language from those counts (Docket 216) is denied.

IT IS FURTHER ORDERED that Gerald LeBeau's motion for a bill of particulars (Docket 222) is denied.

IT IS FURTHER ORDERED that Gerald LeBeau's motion to sever charges (Docket 229) is denied.

IT IS FURTHER ORDERED that Gerald LeBeau's motion to sever defendants (Docket 232) is denied.

IT IS FURTHER ORDERED that Gerald LeBeau's supplemental motion to dismiss the superseding indictment (Docket 290) is denied.

Dated June 24, 2015.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

26